IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-49,854-03






EX PARTE SHIRLEY ADAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 80589-C IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of arson and
sentenced to life term of imprisonment. The Tenth Court of Appeals affirmed her conviction. 
Adams v. State, No. 10-03-00124-CR (Tex. App.--Waco Sept. 29, 2004, no pet.). 

 Applicant contends that her trial counsel rendered ineffective assistance because he failed
to properly advise her regarding the guilty plea and enhancements. Additionally, Applicant
contends that her guilty plea was neither voluntary nor knowing and that her sentence is illegal.

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's guilty plea was voluntary
and knowing, whether her sentence is legal and whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief. The trial court shall also
forward any records regarding Applicant's guilty plea and the admonishments given prior to the
acceptance of the plea.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 7, 2007

Do not publish